# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AMERICAN ELECTRIC POWER SERVICE CORPORATION, | ) ) | |
| Petitioner, | ) ) | Case No. 23-3196 |
| v. | ) ) ) | |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) | |
| Respondent. | | |

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE OF BUCKEYE POWER, INC.

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure,

Buckeye Power, Inc. ("Buckeye") respectfully moves to intervene in support of

Respondent Federal Energy Regulatory Commission ("Commission") in the

above-captioned proceeding. Buckeye is authorized to represent that neither

Petitioner nor Respondent opposes this Motion.

Petitioner American Electric Power Service Corporation seeks review of two

Commission orders captioned:

- *Office of the Ohio Consumers' Counsel v. American Electric Power Service Corporation, et al.*, Order on Complaint, Docket No. EL22-34-000, 181 FERC ¶ 61,214 (2022) ("Order on Complaint"); and

- *Office of the Ohio Consumers' Counsel v. American Electric Power Service Corporation, et al.*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. EL22-34-001, 182 FERC ¶ 62,095 (2023) ("Notice of Denial of Rehearing").

-1-

Buckeye is an Ohio non-profit generation and transmission cooperative and Load-Serving Entity that produces, procures, and provides at wholesale all the electric capacity and energy required by its twenty-five member electric distribution cooperatives operating predominantly in the State of Ohio and a small portion of the State of Indiana. Buckeye is owned and governed by its member distribution cooperatives, which are in turn each (predominantly Ohio) non-profit cooperatives owned by their retail member-consumers. Buckeye filed a timely motion to intervene, was granted party status, and actively participated in the underlying agency proceeding. Order on Complaint PP 20-21, 27-28.

In addition, Buckeye pays and is directly affected by the Commission-jurisdictional rates at issue in the orders on review. Although Buckeye owns generation assets to serve its members, it largely relies on transmission service from third parties including, to a significant extent, Ohio Power Company and AEP Ohio Transmission Company Inc. (affiliates of Petitioner American Electric Power Service Corporation). The Commission's directive in the Order on Complaint that Ohio Power Company and AEP Ohio Transmission Company Inc. remove the fifty-basis point adder from the return on equity used to determine their transmission rates has a significant impact on the overall transmission rates paid by Buckeye.

The Court's decision on the instant Petition for Review therefore has the potential to affect Buckeye, and Buckeye thus has a clear and substantial interest in this proceeding that cannot be represented by any other party, and its participation would be in the public interest. This motion is timely filed under Rule 15(d) of the Federal Rules of Appellate Procedure, because it is being submitted within thirty days of March 8, 2023—the date on which Petitioner filed its petition for judicial review in this Court.

For the reasons set forth above, this Court should grant Buckeye's unopposed motion to intervene in support of Respondent Federal Energy Regulatory Commission.

Respectfully submitted,

*/s/ Cynthia S. Bogorad*

Cynthia S. Bogorad
David E. Pomper
Jeffrey M. Bayne
SPIEGEL & MCDIARMID LLP
1875 Eye Street, NW
Suite 700
Washington, DC 20006
Phone: (202) 879-4000
Fax: (202) 393-2866
cynthia.bogorad@spiegelmcd.com
david.pomper@spiegelmcd.com
jeffrey.bayne@spiegelmcd.com

*Attorneys for Buckeye Power, Inc.*

April 6, 2023

**CERTIFICATE OF COMPLIANCE**

1.      I certify that the foregoing Unopposed Motion for Leave to Intervene complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A), excluding the items exempted by Fed. R. App. P. 32(f). The Motion contains 440 words.

2.      I certify that the foregoing Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in Microsoft Word using a proportionally spaced typeface, Times New Roman 14-point font.

*/s/ Cynthia S. Bogorad*
Cynthia S. Bogorad

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 23-3196                    Case Name: Am. Elec. Power Serv. Corp. v. FERC

Name of counsel:  Cynthia S. Bogorad

Pursuant to 6th Cir. R. 26.1, Buckeye Power, Inc.
*Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the
      identity of the parent corporation or affiliate and the relationship between it and the named
      party:

> Proposed Intervenor Buckeye Power, Inc. states that it is a non-profit generation and
> transmission cooperative, owned and governed by its member distribution cooperatives, which
> are in turn each Ohio non-profit cooperatives owned by their retail member-consumers.
> Buckeye Power, Inc. has no parent corporation, and no publicly held corporation has a 10% or
> greater ownership interest in Buckeye Power, Inc.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
      in the outcome?  If yes, list the identity of such corporation and the nature of the financial
      interest:

> Given that this case affects wholesale electric transmission rates by Petitioner   s public utility
> affiliates, all wholesale customers may be affected by the outcome. Buckeye does not have
> specific information about other wholesale customers that maybe affected.

---

CERTIFICATE OF SERVICE

I certify that on _____April 6, 2023_____ the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/Cynthia S. Bogorad

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1**
## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

(a)  **Parties Required to Make Disclosure**.  With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b)  **Financial Interest to Be Disclosed**.

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2)  Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c)  **Form and Time of Disclosure**.  The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing Unopposed Motion for Leave to Intervene of Buckeye Power, Inc. to be served on all parties or their counsel of record through the Court's CM/ECF system.

Dated on this 6th day of April, 2023.


*/s/ Cynthia S. Bogorad*
Cynthia S. Bogorad


Law Offices of:
Spiegel & McDiarmid LLP
1875 Eye Street, NW
Suite 700
Washington, DC 20006
(202) 879-4000