

**Denise C. Goulet**
Partner

T. 202-753-3439
F. 202-354-4652

dgoulet@mccarter.com

McCarter & English, LLP

1301 K Street, NW
Suite 1000 West
Washington, DC 20005

www.mccarter.com

July 8, 2024

**Via ECF**
Kelly L. Stephens
Clerk of the Court
United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

      Re:    Supplemental Authority Concerning *Dayton Power & Light Co., et al. v. FERC*, Case Nos. 21-4072, *et al.* (consolidated)
<u>**Oral Argument Was Held On Wednesday, May 8, 2024**</u>

Dear Ms. Stephens:

      On July 1, 2024, the Transmission Owner Petitioners submitted in these cases a letter stating that the United States Supreme Court's June 28, 2024 decision in *Loper Bright Enterprises v. Raimondo*, No. 22-451 ("*Loper Bright*") supports their request for *de novo* review of the preemption issue. The Office of the Ohio Consumers' Counsel ("OCC") respectfully disagrees with that request.

      The Transmission Owner Petitioners argue in their July 1 letter that *Loper Bright* requires the courts to exercise independent judgement on legal issues on appeal, such as the preemption issue. However, FERC properly declined to address preemption and treated the Ohio law as in effect because Congress gave only the federal courts the ultimate authority to invalidate a state statute as unconstitutional. Order on Paper Hearing in *The Dayton Power and Light Co,* 176 FERC ¶ 61,025 at P 71 (2021), JA.204; Order on Complaint in *Office of the Ohio Consumers' Counsel v. Am. Elec. Power Serv. Corp., et al.,* 181 FERC ¶ 61,214 at P 84 (2022), JA.497; and OCC and Buckeye Intervenor's Brief in Support of Respondent

FERC at 13-15. The proper forum for such a challenge is in federal district court. *Id.* at 15-17. Even if this Court did review the preemption issue *de novo*, the Ohio statute is not preempted because it is consistent with federal law. *Id.* at 17-29.

There also is no merit in the Transmission Owner Petitioners' argument that *Loper Bright* requires a different outcome than FERC's interpretation of Section 219(c) of the Federal Power Act, 16 U.S.C. § 824s(c). A plain reading of Section 219, including FPA Section 219(d) (which requires incentives authorized under Section 219(c) to be just and reasonable), supports FERC's ruling and is consistent with long-held judicial precedent that transmission rate incentives must be prospective in order to encourage future behavior. Order Addressing Arguments Raised on Rehearing in *The Dayton Power and Light Co.,* 178 FERC ¶ 61,102 at P 36 (2022), JA.296.

Respectfully submitted,

*/s/ Denise C. Goulet*
Denise C. Goulet (D.C. Bar # 496559)
Wendy Simon-Pearson
McCarter & English, LLP
1301 K Street, NW, Suite 1000 West
Washington, DC 20005
(202) 753-3400
dgoulet@mccarter.com
wsimonpearson@mccarter.com

Special Counsel to the Ohio Office of the Attorney General for the Office of the Ohio Consumers' Counsel

Denise C. Goulet and Wendy Simon-Pearson are Admitted to the Sixth Circuit Court of Appeals

**MAUREEN WILLIS
CONSUMERS' COUNSEL**

Angela O'Brien, Deputy Consumers' Counsel
**Office of the Ohio Consumers' Counsel** 65 East State Street, 7th Floor
Columbus, Ohio 43215
(614) 466-9531 – Telephone
angela.obrien@occ.ohio.gov

*Attorneys for Intervenor The Office of the Ohio Consumers' Counsel*

Cc: All Counsel of Record via CM/EC